# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1923
Lower Tribunal No. 15-2061
_____

**Ana Lydia Gutierrez,**
Appellant,

vs.

**Celino Gutierrez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Raul R. Lopez, for appellant.

Valdespino & Associates, P.A., and Jacqueline M. Valdespino, for appellee.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

LOGUE, J.

Ana Lydia Gutierrez appeals an order granting the former husband's motion

to set aside a final judgment of dissolution of marriage which was based on a

marital settlement agreement. Because the trial court's findings of fraud, misrepresentation, and coercion were not supported by competent substantial evidence, we reverse.

The parties entered into a mediated marital settlement agreement in July 2016 and a final judgment of dissolution of marriage adopting the agreement was entered in September 2016. Nearly two months later, the former husband filed a verified motion to set aside or amend the final judgment.

Following an evidentiary hearing on the matter, the trial court granted the former husband's motion to set aside the final judgment, concluding "that there is fraud, misrepresentation in discovery, and coercion." The trial court's order relies upon the following circumstances: that the former husband's translator for mediation "testified that he is not a certified translator and that he did not translate the Marital Settlement Agreement correctly"; that "there are assets which were excluded from the [agreement]," and the former husband's "former Counsel testified that there was no way to state the value of the assets in the Dominican Republic in the [agreement] because he is not aware of the true value of the asset"; and finally, that the former husband testified "he felt coerced into signing the parties' Marital Settlement Agreement because he was informed by his former counsel that he had to pay to leave mediation."

To set aside a marital settlement agreement, the challenging spouse is "limited to showing fraud, misrepresentation in the discovery, or coercion." Parra de Rey v. Rey, 114 So. 3d 371, 386 (Fla. 3d DCA 2013); see also Crupi v. Crupi, 784 So. 2d 611, 612 (Fla. 5th DCA 2001) ("The inquiry on a motion to set aside an agreement reached through mediation is limited to whether there was fraud, misrepresentation in discovery, or coercion.").

Here, there was no competent substantial evidence presented at the hearing to support the trial court's findings. First, the former husband was free to choose his own interpreter at the time of the mediation, and any misunderstanding he had with his own interpreter does not constitute fraud. Indeed, a party to a marital settlement agreement "is presumed to know what [he] is signing and is charged with the duty of procuring a reliable person to explain the document to [him] prior to [him] signing it." Rivero v. Rivero, 963 So. 2d 934, 938 (Fla. 3d DCA 2007). Second, any alleged misrepresentation in discovery came from the nondisclosure of the former husband's own assets, not the former wife's. Finally, evidence of "pressure to settle" is "insufficient proof of coercion necessary to set aside such an agreement." Crupi, 784 So. 2d at 614. We reject the former husband's characterization that these matters rise to the level of fraud, misrepresentation, and coercion when they were completely within his control.

Accordingly, we reverse and direct the trial court to reinstate the parties'

marital settlement agreement and final judgment of dissolution of marriage.

Reversed.